UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**Jerry O'Connell, Timothy O'Connell, James Donegan, and ANB Associates,**

**Plaintiffs,**

**V.**                                                          **00-CV-1930 (NAM)**

**OpticTrek.com, Inc., George A. Abbott, David A. Entrekin, Patrick Beckham and Jacques Horn,**

**Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Hiscock, Barclay Law Firm - Syracuse Office
Jon P. Devendorf, Esq., of Counsel
221 South Warren Street, Financial Plaza
PO Box 4878
Syracuse, New York  13202-1662
Attorneys for Plaintiffs

Law Office of Robert A. Durr, Esq.
Rory A. McMahon, Esq., of Counsel
103 East Water Street
Suite 304
Syracuse, New York 13202
Attorney for Defendants George A. Abbott and David Entrekin

Bond, Schoeneck & King, PLLC
Brian J. Butler, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202
Attorneys for Defendant Jacques Horn

**Hon. Norman A. Mordue, D.J.:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

Plaintiffs move for entry of Judgment based upon Confessions of Judgment executed by

defendants George A. Abbott, David Entrekin and Jacques Horn in conjunction with a Settlement Agreement settling this action. For the reasons set forth herein, the Court denies the motion.

## BACKGROUND

The complaint alleges the following. The individual defendants, officers and directors of defendant OpticTrek.Com, Inc. ("OpticTrek"), solicited plaintiffs' investment in OpticTrek. As part of the solicitation, defendants made various representations, including the representation that the OpticTrek stock offering complied with all federal and state securities laws. Based on defendants' representations, plaintiffs bought shares in OpticTrek, making a total investment of $310,000. Prior to the sale and at the time of sale, defendants failed to provide plaintiffs with financial statements or other financial information, nor did they disclose to plaintiffs the material facts concerning OpticTrek. At the time defendants sold the securities to plaintiffs, OpticTrek was insolvent, and defendants planned to use the sales proceeds to pay outstanding debt of OpticTrek including the salaries and benefits of the individual defendants. Following the sale, defendants acknowledged the falsity of their prior representation that the OpticTrek stock offering complied with all federal and state securities laws. The complaint sets forth causes of action for violations of the Securities Act and the Securities Exchange Act, as well as fraud. Plaintiffs seek $310,000 compensatory damages plus $500,000 punitive damages.

Thereafter, all plaintiffs and defendants George A. Abbott, David Entrekin and Jacques Horn ("settling defendants") [1] entered into a Settlement Agreement which bears the caption and docket number of the complaint herein and recites that plaintiffs invested in OpticTrek and that

---

[1]

On June 25, 2001, default judgment was granted against defendant Patrick Beckham.

-2-

they commenced this action alleging, *inter alia*, that the sales of said shares in OpticTrek were

made in violation of state and federal securities law.  The agreement recites that the plaintiffs

and defendants "desire to provide for the termination of the action upon the following terms and

conditions" and provides:

> 1.   Each of the defendants shall immediately execute a Confession of Judgment to the plaintiffs in the amount of $310,050.00; and
>
> 2.   Counsel for the plaintiffs shall hold said Confessions of Judgment in escrow pursuant to the terms of this Agreement; and
>
> 3.   Following the defendants' execution and delivery of this Agreement and the Confessions of Judgment to counsel for the plaintiffs, the action will be discontinued with prejudice provided, however, that the plaintiffs may continue the action as against Patrick Beckham and each or any of the defendants that do not execute this Agreement and/or the Confessions of Judgment; and
>
> 4.   The defendants will pay the plaintiffs in full for the debt represented by the Confessions of Judgment immediately upon the sale of OpticTrek's technology and/or the receipt of any additional funding in OpticTrek or any successor company; and
>
> 5.   The plaintiffs, upon notice to and the approval of their counsel, will be made parties to any legal action commenced by or on behalf of the defendants or OpticTrek's shareholders, employees, or vendors against Ash Gulamali, European Industries, and/or The Hanover Trust of Monte Carlo. The cost of plaintiffs' participation in any such action shall be borne by the defendants; and
>
> 6.   The defendants shall immediately reimburse the plaintiffs the sum of $4,400 representing the costs and disbursements incurred to date in connection with the action; and
>
> 7.   The plaintiffs may file and seek to execute upon the Confessions of Judgment referenced herein without further notice to the defendants upon a default under the terms of paragraphs 4, 5, or 6 of this Agreement.
>
> 8.   The defendants shall provide counsel for the plaintiffs with all meeting minutes relating to OpticTrek or any successor company and with such other records as may reasonably be requested by the plaintiffs to monitor compliance with this Agreement.

The final signature on the agreement is dated February 13, 2001.

On the same dates, the settling defendants each signed a Confession of Judgment bearing

the caption and civil action number of this action and providing:

> 3.   On December 19, 2001, I was duly and properly served with the plaintiffs' Summons and Complaint in the above captioned action. I acknowledge and agree that the Court has jurisdiction over the subject matter of this action and over me personally in this action.

4.   I do hereby confess Judgment to the plaintiffs and authorize entry thereof in the sum of $310,050.00.

5.    I acknowledge and agree that this Confession of Judgment is for a debt justly owed by OpticTrek, Inc., a corporation of which I was an officer, to the plaintiffs in connection with the sale of the securities, which is the subject of this action.

6.   I acknowledge and agree that the plaintiffs are authorized to immediately enter Judgment against me without further notice in the event of a default under the Settlement Agreement entered between the parties to this action.

Each settling defendants' signature is notarized by M. Kathy Gilreath, State of Nebraska.

On June 27, 2001, based on the settlement, United States Magistrate Judge David E. Peebles signed an order providing:

ORDERED, that this action is dismissed, without prejudice, as against defendants Optictrek.com., Inc., George A. Abbott, David A. Entrekin and Jacques Horn. The court will retain complete jurisdiction to vacate this order and to reopen the action within three months from the date of this order upon cause shown that the settlement has not been completed and further litigation is necessary[.]

By order dated September 28, 2001, Magistrate Judge Peebles extended the retention of jurisdiction for 30 additional days. On October 30, 2001, he extended it for an additional 60 days. Clerk's office notations indicate that copies of all three orders were served on parties or their counsel by first-class mail

It is undisputed that on October 23, 2001, in the District Court for Douglas County, Nebraska, OpticTrek filed an action entitled *OpticTrek, Inc., f/k/a OpticTrek.com, Inc., v. Mohamed Ashfrad Gulamali, Bari Gulamali, Gerard Latulippe, the Hanover Trust of Monte Carlo and European Industries, Inc. (a/k/a European Investments, Inc.)*, Doc. 1009, No. 391 ("Nebraska action"). In the Nebraska action, plaintiff OpticTrek claims that defendants agreed to invest $100 million in exchange for shares of capital stock in OpticTrek; that OpticTrek entered into contacts and incurred numerous expenses in reliance on defendants' agreements; that such reliance was reasonable; and that as of the date of the action, defendants had paid a net

investment of only $107,003.82.  OpticTrek seeks to recover the balance allegedly due plus

special damages.

On March 5, 2002, Magistrate Judge Peebles signed an order reciting that "[i]t now

appears based upon subsequent conferences held with the parties, that this action is not yet

completed and further litigation may be necessary, including in connection with the parties'

settlement agreement in the case" and ordering "that this action is reopened and reinstated to the

court's active docket[.]"  Thereafter, plaintiffs made the instant motion.

### THE PARTIES' ARGUMENTS

Plaintiffs' motion for entry of judgment on the Confessions of Judgment is based on the

contention that in commencing the Nebraska action by OpticTrek against Mohamed Ashfrad

["Ash"] Gulamali, the Hanover Trust of Monte Carlo and European Industries, Inc., without

making plaintiffs parties thereto, the settling defendants violated paragraph 5 of the agreement,

which provides in part:

> 5.   The plaintiffs, upon notice to and the approval of their counsel, will be made
> parties to any legal action commenced by or on behalf of the defendants or
> OpticTrek's shareholders, employees, or vendors against Ash Gulamali, European
> Industries, and/or The Hanover Trust of Monte Carlo....

Based on this alleged breach, plaintiffs contend that they are entitled to entry of judgment based

on paragraph 7 of the agreement, which provides:

> 7. The plaintiffs may file and seek to execute upon the Confessions of Judgment
> referenced herein without further notice to the defendants upon a default under the
> terms of paragraphs 4, 5, or 6 of this Agreement.

One of the issues raised by the settling defendants in opposition to the motion is that

plaintiffs themselves failed to comply with the Settlement Agreement because they breached

paragraph 3, which provides:

3. Following the defendants' execution and delivery of this Agreement and the Confessions of Judgment to counsel for the plaintiffs, the action will be <u>discontinued with prejudice</u> provided, however, that the plaintiffs may continue the action as against Patrick Beckham and each or any of the defendants that do not execute this Agreement and/or the Confessions of Judgment.  (Emphasis added.)

In support of their contention that plaintiffs breached paragraph 3, the settling defendants point to the June 27, 2001 order of Magistrate Judge Peebles, which provided: "that this action is dismissed, <u>without prejudice</u>, as against [the settling defendants]" (emphasis added), and further provided: "The court will retain complete jurisdiction to vacate this order and to reopen the action within three months from the date of this order upon cause shown that the settlement has not been completed and further litigation is necessary[.]"

The plain wording of the Settlement Agreement requires plaintiffs to discontinue the action <u>with prejudice</u> upon the execution and delivery of the Settlement Agreement and the Confessions of Judgment by the settling defendants.  Nothing further was required of the settling defendants to obtain this discontinuance.  This conclusion is obvious from the clause in the agreement that "[f]ollowing defendants' execution and delivery of this Agreement and the Confessions of Judgment to counsel for the plaintiffs, the action will be <u>discontinued with prejudice</u>," as well as from the provision that the plaintiffs may continue the action as against "any of the defendants that do not execute this Agreement and/or the Confessions of Judgment." In other words, once they executed and delivered the Settlement Agreement and the Confessions of Judgment, the settling defendants were entitled to unconditional dismissal of the action herein with prejudice, whereupon plaintiffs would be entitled to resort to the Confessions of Judgment if defendants breached their obligations under paragraphs 4, 5 and 6, to wit, to pay the debt to plaintiffs immediately upon selling OpticTrek's technology or receiving additional funding; to make plaintiffs parties to any legal action brought by defendants against Ash Gulamali,

European Industries, and/or The Hanover Trust of Monte Carlo; and to reimburse the plaintiffs the sum of $4,400.

Plaintiffs' motion presupposes that in fact the settling defendants did execute and deliver the Settlement Agreement and the Confessions of Judgment.[2]  It follows, then, that the settling defendants were entitled to unconditional dismissal of the action herein with prejudice.  This, however, did not occur.  That this did not occur is clear from the wording of Magistrate Judge Peebles' order of June 27, 2001 dismissing the action without prejudice.  Moreover, it is clear from the record that the purpose of Magistrate Judge Peebles' retention of jurisdiction was not to ensure that the settling defendants executed and delivered the Settlement Agreement and Confessions of Judgment but rather to ensure that they complied with paragraphs 4, 5 and 6.  As noted, however, compliance with paragraphs 4, 5 and 6 was not a precondition to dismissal with prejudice.  Inasmuch as plaintiffs did not discontinue the action with prejudice upon the settling defendants' execution and delivery of the Settlement Agreement and the Confessions of Judgment, plaintiffs have not performed their obligations under the Settlement Agreement and are not entitled to enforce it.

It is therefore

ORDERED that plaintiffs' motion for entry of judgment on the Confessions of Judgment is denied.

IT IS SO ORDERED.

September 15, 2005
Syracuse, New York

Norman A. Mordue
U.S. District Judge

---

[2]

Accordingly, the Court does not now reach the question of the validity of the Confessions of Judgment.

-7-