UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
**♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦**

**Jerry O'Connell, Timothy O'Connell, James Donegan, and ANB Associates,**

                     **Plaintiffs,**

        **V.**                                                     **5:00-CV-1930**

**OpticTrek.com, Inc., George A. Abbott, David A. Entrekin, Patrick Beckham and Jacques Horn,**

                      **Defendants.**

**♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦♦**

APPEARANCES:

Hiscock & Barclay, LLP
Jon P. Devendorf, Esq., of Counsel
One Park Place, 300 South State Street
PO Box 4878
Syracuse, New York 13221
Attorneys for Plaintiffs

Law Office of Robert A. Durr, Esq.
Rory A. McMahon, Esq., of Counsel
103 East Water Street, Suite 304
Syracuse, New York 13202
Attorney for Defendants George A. Abbott
and David Entrekin

Bond, Schoeneck & King, PLLC
Brian J. Butler, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202
Attorneys for Defendant Jacques Horn

**Hon. Norman A. Mordue, Chief U.S. District Judge**

### MEMORANDUM-DECISION AND ORDER

     Presently before the Court are two motions to dismiss this action with prejudice: one motion by defendant Jacques Horn (Dkt. No. 48), and one by defendants George A. Abbott and David Entrekin (Dkt. No. 49).

**BACKGROUND**

The Court assumes that the reader is familiar with the facts and procedural history of the case, which are set forth in the September 15, 2005 Memorandum-Decision and Order (Dkt. No. 44). In that decision, the Court denied plaintiffs' motion for entry of judgment upon Confessions of Judgment executed by defendants George A. Abbott, David Entrekin and Jacques Horn in conjunction with a Settlement Agreement settling this action.

The Settlement Agreement provides:

1. Each of the defendants shall immediately execute a Confession of Judgment to the plaintiffs in the amount of $310,050.00; and
2. Counsel for the plaintiffs shall hold said Confessions of Judgment in escrow pursuant to the terms of this Agreement; and
3. Following the defendants' execution and delivery of this Agreement and the Confessions of Judgment to counsel for the plaintiffs, the action will be discontinued with prejudice provided, however, that the plaintiffs may continue the action as against Patrick Beckham and each or any of the defendants that do not execute this Agreement and/or the Confessions of Judgment; and
4. The defendants will pay the plaintiffs in full for the debt represented by the Confessions of Judgment immediately upon the sale of OpticTrek's technology and/or the receipt of any additional funding in OpticTrek or any successor company; and
5. The plaintiffs, upon notice to and the approval of their counsel, will be made parties to any legal action commenced by or on behalf of the defendants or OpticTrek's shareholders, employees, or vendors against Ash Gulamali, European Industries, and/or The Hanover Trust of Monte Carlo. The cost of plaintiffs' participation in any such action shall be borne by the defendants; and
6. The defendants shall immediately reimburse the plaintiffs the sum of $4,400 representing the costs and disbursements incurred to date in connection with the action; and
7. The plaintiffs may file and seek to execute upon the Confessions of Judgment referenced herein without further notice to the defendants upon a default under the terms of paragraphs 4, 5, or 6 of this Agreement.
8. The defendants shall provide counsel for the plaintiffs with all meeting minutes relating to OpticTrek or any successor company and with such other records as may reasonably be requested by the plaintiffs to monitor compliance with this Agreement.

In its September 15, 2005 Memorandum-Decision and Order denying plaintiffs' motion for judgment on the Confessions of Judgment, this Court observed as follows:

> [U]nder the terms of the Settlement Agreement, upon defendants' execution and delivery of the Settlement Agreement and the Confessions of Judgment, plaintiffs were obligated to discontinue the instant action with prejudice. Defendants did execute and deliver the Settlement Agreement and Confessions of Judgment, giving rise to plaintiffs' obligation to discontinue the action with prejudice. This the plaintiffs failed to do.

After discussing the parties' arguments, the Court stated:

> The plain wording of the Settlement Agreement requires plaintiffs to discontinue the action <u>with prejudice</u> upon the execution and delivery of the Settlement Agreement and the Confessions of Judgment by the settling defendants. Nothing further was required of the settling defendants to obtain this discontinuance. This conclusion is obvious from the clause in the agreement that "[f]ollowing defendants' execution and delivery of this Agreement and the Confessions of Judgment to counsel for the plaintiffs, the action will be <u>discontinued with prejudice</u>," as well as from the provision that the plaintiffs may continue the action as against "any of the defendants that do not execute this Agreement and/or the Confessions of Judgment." In other words, once they executed and delivered the Settlement Agreement and the Confessions of Judgment, the settling defendants were entitled to unconditional dismissal of the action herein with prejudice, whereupon plaintiffs would be entitled to resort to the Confessions of Judgment if defendants breached their obligations under paragraphs 4, 5 and 6, to wit, to pay the debt to plaintiffs immediately upon selling OpticTrek's technology or receiving additional funding; to make plaintiffs parties to any legal action brought by defendants against Ash Gulamali, European Industries, and/or The Hanover Trust of Monte Carlo; and to reimburse the plaintiffs the sum of $4,400.
>
> Plaintiffs' motion presupposes that in fact the settling defendants did execute and deliver the Settlement Agreement and the Confessions of Judgment.[1] It follows, then, that the settling defendants were entitled to unconditional dismissal of the action herein with prejudice. This, however, did not occur. That this did not occur is clear from the wording of Magistrate Judge Peebles' order of June 27, 2001 dismissing the action <u>without</u> prejudice. Moreover, it is clear from the record that the purpose of Magistrate Judge Peebles' retention of jurisdiction was not to ensure that the settling defendants executed and delivered the Settlement Agreement and Confessions of Judgment but rather to ensure that they complied with paragraphs 4, 5 and 6. As noted, however, compliance with paragraphs 4, 5 and 6 was not a precondition to dismissal with prejudice. Inasmuch as plaintiffs did not discontinue the action with prejudice upon the settling defendants' execution and delivery of the Settlement Agreement and the Confessions of Judgment, plaintiffs have not performed their obligations under the Settlement Agreement and are not entitled to enforce it.

---

[1] Accordingly, the Court does not now reach the question of the validity of the Confessions of Judgment.

-3-

(Emphasis in original, footnote in original.)

The present posture of the case, then, is that the moving defendants executed and delivered the Settlement Agreement and Confessions of Judgment as required, and plaintiffs have failed to dismiss the action with prejudice. The moving defendants seek dismissal with prejudice on the ground that, by virtue of their execution and delivery of the Settlement Agreement and Confessions of Judgment, they are entitled to such relief.

## DISCUSSION

In opposing the motion, plaintiffs first argue that a Rule 12(b)(6) motion is not the proper procedural vehicle for the relief sought. In the circumstances of this case, it is irrelevant whether the motion should be cast as a motion to dismiss, a motion for summary judgment, or a motion to enforce the settlement agreement.[2] Plaintiffs have received proper notice of the motion, they have responded to the motion on the merits, and they do not seek discovery or any other relief aside from denial of the motion. The moving defendants' request for relief is properly before the Court.

Next, plaintiffs argue that the moving defendants may not rely on the Settlement Agreement because defendants themselves breached paragraph 5 of the agreement by commencing an action in Nebraska against Mohamed Ashfrad ("Ash") Gulamali, the Hanover Trust of Monte Carlo, and European Industries, Inc., without making plaintiffs parties thereto. However, as the Court previously held, plaintiffs' obligation to dismiss the action with prejudice was dependent solely upon defendants' execution and delivery of the Settlement Agreement and

---

[2] A motion to enforce a settlement agreement may properly be brought in the context of the underlying action where the underlying action is not yet closed. *See, e.g., Janneh v. GAF Corp.*, 887 F.2d 432 (2d Cir. 1989), *abrogated on other grounds, Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994); *Thompson v. Rocco*, 2004 WL 1277871 (S.D.N.Y.); *Teitelbaum Holdings, Ltd. v. Gold*, 48 N.Y.2d 51 (1979).

Confessions of Judgment; the Settlement Agreement does not require compliance with paragraphs 4, 5, or 6 as a precondition to dismissal.

Plaintiffs further argue that, inasmuch as defendant Jacques Horn acknowledges that his signatures on the Settlement Agreement and Confession of Judgment were not properly notarized, he failed to comply with the Settlement Agreement and thus cannot rely on it.[3] In paragraph 36 of his affidavit of September 23, 2002, Horn states:

> I signed the settlement agreement and a confession of judgment prepared by [plaintiffs' counsel Jon P.] Devendorf and mailed both documents to Devendorf on or about February 6, 2001. I was not in Nebraska on February 6 or 7, 2001 as attested to by the notary, I was in Florida. I did not sign the settlement agreement or the confession of judgment before a notary.

Neither in this paragraph nor at any other point in this litigation has Horn disputed the validity or binding effect of his signatures. Rather, he expressly affirms that he did execute the documents, both in his affidavit of September 23, 2002, and again in his affidavit of January 4, 2002 (paragraph 10). His manner of defending this action reflects his assumption that the documents are binding on him. Likewise, plaintiffs have proceeded on the assumption that Horn is bound by the documents.[4] Thus, the irregularity may be corrected *nunc pro tunc* with no prejudice to any party. Accordingly, the Court finds that Horn is entitled to dismissal of the action against him provided that, within 10 days of the date of this Memorandum-Decision and

---

[3] In its September 15, 2005 Memorandum-Decision and Order, the Court expressly noted in a footnote: "[T]he Court does not now reach the question of the validity of the Confessions of Judgment."

[4] As the Court noted in the September 15, 2005 Memorandum-Decision and Order, "Plaintiffs' motion [for entry of judgment upon the Confessions of Judgment] presupposes that in fact the settling defendants did execute and deliver the Settlement Agreement and the Confessions of Judgment."

Order, he delivers to plaintiffs' counsel and files with the Court a properly executed and notarized Settlement Agreement and Confession of Judgment, which shall be effective *nunc pro tunc*.

Although OpticTrek.com, Inc. ("OpticTrek"), the sole remaining defendant,[5] was a party to the Settlement Agreement (George A. Abbott executed the Settlement Agreement both in his individual capacity and as an officer of OpticTrek), it does not appear that OpticTrek executed a confession of judgment, nor does it appear that plaintiffs have taken any steps to pursue claims against OpticTrek.  The status of the claims against OpticTrek, and plaintiffs' intentions with respect to those claims, are not clear on this record.  Plaintiffs are directed to show cause before this Court, by submission only, on or before September 27, 2006, why this action should not be dismissed as against the remaining defendant, OpticTrek.com, Inc., for failure to prosecute.

## CONCLUSION

It is therefore

ORDERED that the motion by defendant Jacques Horn (Dkt. No. 48) is granted, and the action is dismissed with prejudice as against him, conditioned upon his delivering to plaintiffs' counsel and filing with the Court a properly executed and notarized Settlement Agreement and Confession of Judgment, within 10 days of the date of this Memorandum-Decision and Order; and it is further

ORDERED that a Settlement Agreement and Confession of Judgment delivered and filed by defendant Horn in compliance with the above ordering paragraph shall be effective *nunc pro tunc*; and it is further

---

[5] On June 25, 2001, the Court granted default judgment against defendant Patrick Beckham (Dkt. No. 17).

ORDERED that the motion by defendants George A. Abbott and David Entrekin (Dkt. No. 49) is granted, and the action is dismissed with prejudice as against them; and it is further

ORDERED that plaintiffs are directed to show cause before this Court on or before September 27, 2006, by submission only, why this action should not be dismissed as against the remaining defendant, OpticTrek.com, Inc., for failure to prosecute.

IT IS SO ORDERED.

September 13, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge